*See dissenting opinion*

Filed 2/7/25  P. v. Miller CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E083061 |
| v. | (Super.Ct.No. CR67859) |
| HAROLD WILLIAM MILLER, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge.
Affirmed.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and
Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney
General, Charles C. Ragland, Assistant Attorney General, A. Natasha Cortina and
Elizabeth M. Renner, Deputy Attorneys General, for Plaintiff and Respondent.

1

In 1999, a jury convicted Harold W. Miller of possession of a firearm by a felon. (Pen. Code, § 12021, subd. (a)(1).) (Unlabeled statutory citations refer to the Penal Code.) At a bench trial on prior conviction allegations, the trial court found that Miller had two prison priors (former § 667.5, subd. (b)) and two strike priors (§ 667, subds. (c) & (e)). The court sentenced Miller to 25 years to life in state prison pursuant to the three strikes law and imposed and stayed two one-year sentences for Miller's prison prior enhancements.[1]

In 2022, the trial court received notice from CDCR that Miller was serving a term for a judgment that included a prison prior enhancement that is now invalid under section 1172.75. In December 2023, the court held a hearing and declined to strike the enhancements and to resentence Miller, finding that his imposed and stayed prison priors "do not fit within the legitimate ambit of the statute."

On appeal, Miller argues that section 1172.75 applies to defendants who have prison prior enhancements that were imposed and stayed. We disagree.

Section 1172.75, subdivision (a), provides that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5,

---

[1]   The People filed a request for judicial notice on July 29, 2024. We grant that request and take judicial notice of the reporter's transcript in Miller's 1999 sentencing hearing (Riverside Superior Court case No. BAF002073) and the reporter's transcript of a postjudgment proceeding in *People v. Chlad* (E083222), which are attached to the People's request. We have previously taken judicial notice of the declarations of Aimee Vierra and David McKinney, filed in case No. E082642, and augmented the record in this case to include the California Department of Corrections and Rehabilitation (CDCR) list dated June 16, 2022, listing individuals eligible for relief under section 1172.75. Miller is listed on page 23 of that document.

except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." Section 1172.75, subdivision (b), requires the Secretary of CDCR and the administrators for each county jail to "identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a)" and to provide certain information about those individuals "to the sentencing court that imposed the enhancement." Upon receiving that information, the trial court "shall recall the sentence and resentence the defendant" if the court "determines that the current judgment includes an enhancement described in subdivision (a)." (§ 1172.75, subd. (c).) If the court determines that the individual's judgment includes such an enhancement, the defendant's resentencing "shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety." (§ 1172.75, subd. (d)(1).)

The case law is currently split on the issue of whether section 1172.75 applies to prison prior enhancements that were imposed but stayed. *People v. Rhodius* (2023) 97 Cal.App.5th 38, review granted February 21, 2024, S283169 (*Rhodius*), held that "imposed" in subdivision (a) of section 1172.75 must be interpreted to mean "imposed and executed" in order to make sense of the requirement in section 1172.75, subdivision (d)(1), that resentencing must result in "*a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement.*" (*Rhodius*, at pp. 43-45.)

The rest of the appellate decisions to consider the issue have concluded that section 1172.75 applies regardless of whether the imposed prior prison term enhancement was executed or stayed. (*People v. Renteria* (2023) 96 Cal.App.5th 1276; *People v. Christianson* (2023) 97 Cal.App.5th 300, review granted Feb. 21, 2024, S283189 (*Christianson*); *People v. Saldana* (2023) 97 Cal.App.5th 1270, review granted Mar. 12, 2024, S283547 (*Saldana*); *People v. Mayberry* (2024) 102 Cal.App.5th 665, review granted Aug. 14, 2024, S285853 (*Mayberry*).) *Christianson*, *Saldana*, and *Mayberry* reasoned that *Rhodius*'s concern about applying section 1172.75 to stayed enhancements was unfounded, because striking a stayed enhancement does result in a "lesser" sentence within the meaning of section 1172.75, subdivision (d)(1). As *Christianson* explained, a stayed enhancement carries "the potential for an increased sentence," because "the trial court retains the ability to lift the stay and impose the term under certain circumstance[s], such as if an alternately imposed term is invalidated." (*Christianson*, at p. 312.) Striking a stayed enhancement thus results in a "lesser sentence" within the meaning of section 1172.75, subdivision (d), because it eliminates the risk that the enhancement will be executed in the future. (*Christianson*, at p. 312; see also *Saldana*, at p. 1278; *Mayberry*, at pp. 674-675 ["Imposed-but-stayed prior prison term enhancements carry the possibility of execution," and striking them "eliminates their impact"].)

Our Supreme Court has granted review to resolve the split. (*Rhodius*, *supra*, 97 Cal.App.5th 38, review granted.) Pending guidance from the Supreme Court, we agree with *Rhodius* for the following reasons: The primary goal of statutory interpretation "'is

4

to determine the Legislature's intent so as to effectuate the law's purpose.'" (*People v. Ruiz* (2018) 4 Cal.5th 1100, 1105.) As *Rhodius* explained, the Supreme Court has held that the statutory term "impose" is ambiguous because the Legislature sometimes uses it "as shorthand for 'impose and then execute.'" (*People v. Gonzalez* (2008) 43 Cal.4th 1118, 1127, italics omitted; *Rhodius*, *supra*, 97 Cal.App.5th at p. 43.) The consequent ambiguity in subdivision (a) of section 1172.75 is resolved by the unambiguous declaration of legislative intent in the uncodified preamble of Senate Bill No. 483 (2021-2022 Reg. Sess.), which created section 1171.1, which was later renumbered as section 1172.75 by Assembly Bill No. 200 (2021-2022 Reg. Sess.) The Legislature explained that "it is the intent of the Legislature to retroactively apply [the new limitations on prison prior enhancements] *to all persons currently serving a term of incarceration in jail or prison for these repealed sentence enhancements*." (Stats. 2021, ch. 728, § 1, italics added.) A defendant as to whom a prison prior enhancement was imposed but stayed is not serving a term of incarceration in jail or prison for that enhancement, so the Legislature did not intend to provide retroactive relief to such a defendant. Therefore, in subdivision (a) of section 1172.75, the Legislature must have used "imposed" as shorthand for "imposed and executed." Because section 1172.75 consequently does not apply to stayed enhancements, the trial court correctly declined to strike Miller's enhancements and resentence him.

DISPOSITION

The trial court's order denying relief under section 1172.75 is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ
J.

I concur:


McKINSTER
Acting P. J.

6

[*People v. Miller*, E083061]

FIELDS, J., Dissenting.

I respectfully dissent to the holding in the majority opinion that defendant is not entitled to relief pursuant to Penal Code section 1172.75. The majority opinion follows this court's opinion in *People v. Rhodius* (2023) 97 Cal. App.5th 38, which held that where a trial court imposes a one-year sentence on a section 667.5, subdivision (b) prison prior, but stays the punishment, a defendant is not entitled relief and full resentencing under section 1172.75, subdivision (a).

In my view, the defendant is entitled to relief full resentencing pursuant to section 1172.72, subdivisions (a)-(c). The dispute here "centers around the meaning of the word 'imposed' as used in section 1172.75, subdivision (a), and, more specifically, whether a sentence enhancement pursuant to section 667.5, subdivision (b) that was imposed and stayed for a non-sexually-violent offense prior to January 1, 2020, is 'a sentencing enhancement described in subdivision (a)' of section 1172.75." (*People v. Christianson* (2023) 97 Cal.App.5th 300, 311 (*Christianson*), review granted Feb. 21, 2024, S283189, italics omitted.)

The Courts of Appeal are divided on this question, and the issue is currently before the Supreme Court. (Compare *Christianson*, *supra*, 97 Cal.App.5th 300 [Recall and resentencing is available when prison prior enhancement is imposed and stayed.]; *People v. Saldana* (2023) 97 Cal.App.5th 1270 (*Saldana*), review granted Mar. 12, 2024, S283547 [same]; & *People v. Renteria* (2023) 96 Cal.App.5th 1276 [same] with *People*

1

*v. Rhodius*, *supra*, 97 Cal.App.5th 38 (*Rhodius*), review granted Feb. 21, 2024, S283169 [Recall and resentencing is only available when prison prior enhancement is imposed and executed.].)

I generally agree with the *Christianson* decision, which in my view sets forth the correct statutory interpretation of section 1172.75. (See *Christianson*, *supra*, 97 Cal.App.5th at pp. 311-315.) Section 1172.75, subdivisions (a) and (c), provide that a defendant currently serving time on a judgment which includes a section 667.5, subdivision (b) enhancement imposed before January 1, 2020, is entitled to a full resentencing hearing.

The court in *Christianson* explicated that, "[o]n its face, the word 'imposed,' in this context, is at least somewhat ambiguous. As our high court has explained, 'it is important to understand that the word "impose" applies to enhancements that are "imposed and then *executed*" as well as those that are "imposed and then stayed. However, as a practical matter, the word 'impose' is often employed as shorthand to refer to the first situation, while the word 'stay' often refers to the latter." ' " (*Christianson*, *supra*, 97 Cal.App.5th at p. 311.)

Despite this apparent ambiguity, the *Christianson* court rejected the People's claim that the Legislature intended the word " 'imposed,' " as used in section 1172.75, to be limited to enhancements that were imposed and executed. (*Christianson*, *supra*, 97 Cal.App.5th at p. 311.) Further, as the court explained in *Christianson*, "[s]ection 1172.75 requires the CDCR to identify all inmates 'currently serving a term *for a judgment that includes* an enhancement described in subdivision (a).' [Citation.] A

2

judgment may include a sentence that has been imposed but suspended or stayed. [Citation.] Thus, by its plain language, all that is required for the CDCR to identify an inmate under section 1172.75, subdivision (b) is for the enhancement to be included in the abstract of judgment, regardless of whether it is imposed or stayed. Had the Legislature intended for the language in subdivision (b) to limit the identification to those inmates that would necessarily be required to serve an additional term based on the enhancement, it certainly could have done so." (*Christianson*, *supra*, 97 Cal.App.5th at pp. 311-312.)

The court in *Christianson* noted that "[t]he sentencing court must then '*verify that the current judgment includes a sentencing enhancement* described in subdivision (a).' " (*Christianson*, *supra*, 97 Cal.App.5th at p. 312; § 1172.75, subd. (c).) The court continued as follows: "At this point, the incorporation of subdivision (a) requires that the current judgment include a sentencing enhancement *imposed* pursuant to section 667.5, subdivision (b). However, the use of the word 'verify' suggests that the sentencing court is doing just that, verifying that the individual the CDCR identified is in fact an individual described by the statute, not looking to see if the inmate meets an additional requirement (i.e., that the enhancement is *imposed* and not stayed). It does not follow logic or reason to read these two subdivisions together in a manner that would require the CDCR to identify a larger class of inmates—all those serving time on a judgment that include a now invalid enhancement—only for the trial courts to then look

at the same abstracts of judgment available to the CDCR to determine whether the previous court imposed additional time for, or stayed, the relevant enhancements." (*Christianson*, at p. 312.)

Finally, *Christianson* observed that the overarching "statutory scheme at issue here involves statutory amendments expressly aimed at *reducing* sentences by retroactively eliminating a sentencing enhancement described as exacerbating 'existing racial and socio-economic disparities in our criminal justice system.' " (*Christianson*, *supra*, 97 Cal.App.5th at p. 314.) The court noted that the resentencing procedures set forth in the statutory scheme promoted this legislative goal insofar as they "require that the trial court conduct a full resentencing for those defendants impacted by the now invalid enhancement in light of all associated sentencing reform." (*Ibid*.) Given this legislative objective, the *Christianson* court inferred that the Legislature presumably "intended to provide broad relief to all defendants impacted by the now invalid section 667.5, subdivision (b) enhancements." (*Ibid*.)

I respectfully disagree with one portion of *Christianson*. Acknowledging that section 1172.75, subdivision (d)(1), requires a trial court to impose a lesser sentence than originally imposed, *Christianson* rejected the notion that removing a stayed term does not result in a lesser sentence. (*Christianson*, *supra*, 97 Cal.App.5th at p. 312.) Rather, the court concluded that even a stayed term has potential consequences to a sentence since the trial court "retains the ability to lift the stay and impose the term under certain circumstance[s], such as if an alternately imposed term is invalidated." (*Ibid*.; accord, *Saldana*, *supra*, 97 Cal.App.5th at p. 1278 [stayed enhancement is part of

4

sentence and remains available if its execution becomes necessary].) I disagree with this conclusion since a prison prior that was imposed before 2020, and was not for a sexually violent offense, is now legally invalid under section 1172.75, subdivision (a); thus, a court has no ability to lift a stay and impose such a prison prior in the future.

In any event, in the instant case, there is no dispute defendant was serving time on a judgment which includes a section 667.5, subdivision (b) enhancement that was not for a sexually violent offense. Section 1172.75 expressly provides that if a "current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).) Applying *Christianson* here, defendant is entitled to a full resentencing under section 1172.75. (§ 1172.75, subds. (a), (c); see *Christianson*, *supra*, 97 Cal.App.5th at pp. 314-315.) "By its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements." (*People v. Monroe* (2022) 85 Cal.App.5th 393, 402 (*Monroe*); see *People v. Buycks* (2018) 5 Cal.5th 857, 893 ["[W]hen part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.' "].) At resentencing, the court shall "apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing" (§ 1172.75, subd. (d)(2)) and shall consider any "postconviction factors" militating against continued incarceration (§ 1172.75, subd. (d)(3)).

At the original sentencing in the instant case, the sentencing court sentenced defendant to one-year punishment on each of defendant's prior prison enhancements but stayed the punishment. Accordingly, the enhancement were part of the sentence and were included in the abstract of judgment.

The CDCR presumably identified defendant as eligible for relief because the enhancement was included in the abstract of judgment. (*Christianson*, *supra*, 97 Cal.App.5th at p. 312 ["[A]ll that is required for the CDCR to identify an inmate under section 1172.75, subdivision (b) is for the enhancement to be included in the abstract of judgment . . . ."].)[2]

The People ask us to follow *Rhodius*, *supra*, 97 Cal.App.5th 38, which held that the express language in section 1172.75, subdivision (d)(1), requiring the resentencing to " 'result in a lesser sentence than the one originally imposed as a result [of] the elimination of the repealed enhancement,' " combined with the legislative history behind the enactment of Senate Bill Nos. 136 and 483, require the conclusion that section 1172.75 does not invalidate prior prison term enhancements that were imposed but stayed. (*Rhodius*, at pp. 42-49.) *Rhodius* reasoned as follows: "Section 1172.75 subdivision (d)(1)'s requirement that the resentencing shall result in a lesser sentence than the one originally imposed necessitates the conclusion that the repealed

---

[2] Notably, since the filing of *Christianson*, the Sixth Appellate District has published an opinion agreeing with *Christianson* and further concluding that section 1172.75 "applies whenever a prison prior is included in a judgment, whether the prior is executed, stayed, or punishment is struck." (*People v. Espino* (2024) 104 Cal.App.5th 188, 194 (*Espino*), review granted Oct. 23, 2024, S286987.)

6

enhancement increased the length of the sentence. The only way for the repealed enhancement to have increased the length of a sentence is for the enhancement to have been imposed and executed. If the repealed enhancement was imposed and stayed, the sentence would not have been increased, as was the case here." (*Id.* at p. 44.)

Although *Rhodius* was thoughtfully decided, I respectfully disagree with it. Rather, I agree with *Christianson*'s conclusion that section 1172.75 applies to cases in which the inmate's abstract of judgment includes a section 667.5, subdivision (b) enhancement "regardless of whether it is imposed or stayed." (*Christianson*, *supra*, 97 Cal.App.5th at pp. 305, 312.)

Under *Rhodius*, the word "imposed" in section 1172.75, subdivision (a), means "imposed and executed." Thus, the "imposed and stayed" prior convictions in that case were not "imposed" within the meaning of section 1172.75, subdivision (a). If that interpretation is correct, then the prison prior convictions in that case would not be legally invalid, and the trial court in *Rhodius* should not have struck them.[3] Yet, the trial court in *Rhodius* did strike them, strongly inferring their invalidity, and the *Rhodius* court affirmed the trial court's action. In my view, section 1172.75 either applies or does not apply. The authority to strike the prior convictions comes only where section 1172.75 applies.

Although the length of sentence does not change when a trial court vacates a now invalid prior conviction that had previously been stayed, the defendant, nevertheless, will

---

[3] This assumes the judgment was final as of January 1, 2020, as SB 136 on its own is not retroactive to final judgments.

receive a significant benefit. To the extent the abstract of judgment will no longer show the prison prior convictions, the consequences of defendant's plea are reduced. As result, the case will no longer reflect the prison prior convictions if a court assesses the appropriate disposition in any future case or on a violation of parole on the current case.

Finally, a careful review of the statute reveals that the statute contains language favorable to an interpretation consistent with that taken by *Rhodius*, and it also contains language favorable to an interpretation consistent with that taken in *Christianson*. I agree with the court in *Espino*, *supra*, 104 Cal. App. 5th at p. 198, that under the rule of lenity, where the Legislature's intent cannot be determined, courts must prefer the interpretation that is most favorable to defendants.

In sum, I conclude that the trial court erred in finding defendant ineligible for relief. The CDCR properly identified him as a person in custody "currently serving a term for a judgment that includes an enhancement described in [section 1172.75,] subdivision (a)." (§ 1172.75, subd. (b).) He was therefore entitled to a recall of his sentence and a full resentencing under the terms of section 1172.75, which would include the application of "any other changes in law that reduce sentences or provide for judicial discretion" (§ 1172.75, subd. (d)(2)) and consideration of "postconviction factors" militating against continued incarceration (§ 1172.75, subd. (d)(3)). I would reverse the denial order and remand to the trial court for a full resentencing hearing pursuant to section 1172.75, subdivisions (c) and (d).

FIELDS _____

J.

8